FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 10, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AARON JOSEPH CUNNINGHAM, | No. 2:22-cv-00229-MKD |
| Plaintiff, | ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING ACTION |
| v. | |
| THE AMERICAN JUDICIAL SYSTEM and THE UNITED STATES OF AMERICA, | |
| Defendants. | |

By Order filed December 1, 2022, the Court directed Plaintiff Aaron Joseph Cunningham, a *pro se* federal pretrial detainee, to show cause under 28 U.S.C. § 1915(g) why he should be allowed to proceed *in forma pauperis* in this prisoner civil rights action. ECF No. 11. On December 15, 2022, Plaintiff filed a document titled "Notice of Appeal Order to Show Cause Writ of Mandamus" by which he gives this Court "Notice" that he is appealing "to the United States Supreme Court for the District of Columbia from final Judgments of Salvador Mendoza Jr and

ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING ACTION - 1

Mary K. Dimke, that I present no facts supporting an inference that I am being held without due process." ECF No. 12 at 1. Plaintiff states, "I demand, command by order of writ, competent jurisdiction, directed to the Supreme Court; All other inferior Courts in the United States are parties to whom the complaint is directed; I demand, command performance not distance 34 Am Jist Mand § 2." *Id.* at 3 (as written in original).

The Court liberally construes Plaintiff's submission as his response to the Order to Show Cause. ECF No. 12. Plaintiff refers to the Court as "mentally challenged Judges," "tyrannical savages," and "ignorant savages." *Id.* at 6, 10-11. He seems to equate pretrial detention with a violation of due process. *Id.* at 2, 10-11, 15. Plaintiff asserts, "YOU, Mary Dimke and Mendoza Jr have made frivolous, malicious, and fail to state a claim without facts and I Appeal your primitive judgments, to which are a betrayal to this Country, and I will prove this upon my release." *Id.* at 11. To the extent Plaintiff may wish to appeal a decision of the District Court, he should comply with the Federal Rules of Appellate Procedure.

Plaintiff claims, "I am under imminent danger of serious physical injury. 28 U.S.C. § 1915(g) for which the pretrial detention of my body by the Judicial system has caused intentional infliction of emotional distress." *Id.* at 12 (as written in original). He asserts, "the state has forced me into enslavement of those

ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING ACTION - 2

convicted of crimes and detained in jails established for dully convicted criminals . . . Jails are PENAL INSTITUTIONS. Institutions constituting a person liable to punishment." *Id.* at 13 (as written in original). He further alleges, "I am under imminent danger of serious physical injury 28 U.S.C. § 1915(g) to which I am being detained with savages that pose an imminent danger of serious physical injury. I have been assaulted in the past by convicted criminals who pose an imminent danger of serious physical injury." *Id.* at 14 (as written in original).

Plaintiff states, "because of the risk of imminent danger these savages/convicted criminals put us under I Appeal your decision Ms. Demske and view your assurtions as prejudicial to the safety of my welfare and demand that my complaint be transferred to the Supreme Court who has original jurisdiction of said complaint, Nor You or the Kangaroo Judicial system you Defend or Conspire with hold jurisdiction over me, You are an official of the Eastern Washington District of Washington to which a party in this dispute. I command change of venue to the Supreme Court. I demand writ of Habeas Corpus. I demand writ of mandamus. I demand the Appeal of your factless judgment without any explanation to the the fact is the Constitution, the fact is Pretrial detention is a violation of Due Process. Detention of any kind is to deprive liberty . . . ." *Id.* at 14-15 (as written in original). This Court declines Plaintiff's demands to transfer his pleadings to the United States Supreme Court.

ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING ACTION - 3

The Court is unable to infer from Plaintiff's conclusory assertions that he was under imminent danger of serious physical injury at the time he filed his civil rights complaint pursuant to 42 U.S.C. § 1983 on October 13, 2022. *See Ray v. Lara*, 31 F.4th 692, 695 (9th Cir. 2022) ("the imminent danger exception to the PLRA three-strikes provision requires a nexus between the alleged imminent danger and the violations of law alleged in the complaint."). The Court finds that Plaintiff has failed to overcome the preclusive effects of 28 U.S.C. § 1915(g). Although granted the opportunity to do so, Plaintiff did not pay the $402.00 filing fee to commence this action.

Furthermore, to the extent Plaintiff seeks relief available pursuant to a Writ of Habeas Corpus, he would need to file a separate Petition for Writ of Habeas Corpus. It appears he has done so. *See Cunningham v. United States of America*, No. 4:22-cv-05165-MKD. The Court also notes that Plaintiff has supplied a signature for his Motion to Stay, ECF No. 13, in compliance with Rule 11, Federal Rules of Civil Procedure. ECF No. 15.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's application to proceed *in forma pauperis,* ECF No. 2, is **DENIED.**

2. This action is **DISMISSED WITHOUT PREJUDICE** for failure to comply with 28 U.S.C. § 1914(a).

ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING ACTION - 4

3. All pending motions, including the Motion for Appointment of Counsel, ECF No. 9, and the "Motion to Stay" by which Plaintiff seeks to have his federal criminal proceedings in case No. 2:22-cr-0061-RMP dismissed, ECF No. 13 at 5, are **DENIED as moot.**

4. The Clerk's Office shall **STRIKE** any pending hearings and deadlines in this action.

5. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact.

6. The Clerk's Office is directed to enter this Order, enter judgment, provide copies to Plaintiff at his last known address, and **CLOSE** the file.

**DATED** January 10, 2023.

_s/Mary K. Dimke_
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING ACTION - 5